19

R# 562352

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SANDRA WAYCASTER,<br><br>Plaintiff,<br><br>vs.<br><br>C.R. BARD, INC., a foreign corporation; DAVOL INC., a foreign corporation and affiliate of C.R. BARD, INC.; and BARD MEDICAL DIVISION, foreign corporations not licensed in Michigan, jointly and severally,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case: 2:07-cv-14093<br>Assigned To: Cook, Julian Abele<br>Referral Judge: Whalen, R. Steven<br>Filed: 09-27-2007 At 02:56 PM<br>REM WAYCASTER V BARD, ET AL (TAM) |

**DEFENDANT C.R. BARD, INC., DEFENDANT DAVOL INC., AND DEFENDANT BARD MEDICAL DIVISION'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard"), Defendant Davol Inc. ("Davol"), and Defendant Bard Medical Division ("BMD") with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court in and for Genesee County, Michigan, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with her Complaint filed before the Circuit Court in and for Genesee County, Michigan, on or about September 7, 2007.

2. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the Circuit Court in and for Genesee County, Michigan, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 102(a)(1).

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Bard, through service, of Plaintiff's Complaint, which sets forth the bases for removal. Bard was served with Plaintiff's Complaint on September 14, 2007. BMD was served on September 17, 2007. Davol was served on September 18, 2007.

4. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Exhibit A.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court in and for Genesee County, Michigan, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied.

7. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks unspecified damages "in excess of the jurisdictional limits of th[e state court]" (Compl. ¶ 20),

Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 2-11.) Plaintiff alleges that due to the defective nature of the Composix® Kugel® Hernia Patch she received she "developed continuing abdominal complaints and bowel perforation, bowel obstruction and serious infections including intestinal fistulae." (*id.* ¶ 11.) Plaintiff alleges that these complaints and complications necessitated "emergency operative" treatment that "was performed to remove the [Composix® Kugel® Hernia Patch]." (*Id.*) Plaintiff further alleges that she "sustained a severe and permanent injury" (*id.* ¶ 16), and she seeks recovery for "both economic and non-economic damages" (*id.* ¶ 17) including "medical costs, transportation costs, costs for assistance, costs for nursing care, attendant care and such other services as may be necessary now[,] in the past, present and future" (*id.* ¶ 18), and "pain and suffering" that Plaintiff "has suffered . . . and will continue to incur . . . throughout the course of her life." (*Id.* ¶ 19.)

8. The amount-in-controversy requirement is easily met here because the severity of the injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court,

thus specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see, e.g.*, Compl., *Cavazos v. C.R. Bard, Inc.*, No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B); Compl., *Montgomery v. Davol Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Joined In This Action Are Completely Diverse.**

9. On information and belief, Plaintiff is a resident and citizen of Michigan. (*See* Compl. ¶ 1).

10. Bard is, and has been at all relevant times, a corporation organized under the law New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C § 1332(c)(1).

11. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

12. BMD does not exist as a separate corporate entity. BMD is merely a division of C.R. Bard, Inc.

WHEREFORE, Defendant C.R. Bard, Inc., Defendant Davol Inc., and Defendant Bard Medical Division respectfully remove this action from the Circuit Court in and for Genesee County, Michigan, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any

question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated: September 26, 2007

Christopher J. Predko by MTN

Christopher J. Predko (P56040)
Matthew T. Nelson (P64768)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503-2487
(616) 752-2190

**ATTORNEYS FOR DEFENDANT C.R. BARD, INC., DEFENDANT DAVOL INC., AND DEFENDANT BARD MEDICAL DIVISION**

1462560-1

***Sandra Waycaster v C.R. Bard, Inc., et al***
**U.S. District Court Eastern District of Michigan**
**Southern Division Civil Action No. __________**
**Genesee County Circuit Court Case No. 07-87035-NP**

---

| | | |
|---|---|---|
| 1. | 09/06/07 | Complaint and Demand for Trial by Jury |
| 2. | 09/07/07 | Summons – C. R. Bard, Inc. |
| 3. | 09/07/07 | Summons – Davol, Inc. |
| 4. | 09/07/07 | Summons – Bard Medical Division |

GEOFFREY L. NEITHERCUT
P-25466

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| | | |
|---|---|---|
| MICHIGAN<br>JUDICIAL DISTRICT<br>7th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>07 - 87035 -NP<br>Judge |

Court address 900 S. Saginaw St., Flint, MI 48502

Court Telephone no.

| Plaintiff | | Defendant |
|---|---|---|
| Plaintiff name(s), address(es), and telephone no(s).<br>Sandra Waycaster<br>5193 Brye Road<br>Flint, MI 48505 | V | Defendant name(s), address(es), and telephone no(s).<br>C.R. Bard, Inc.<br>c/o: Timothy Ring<br>730 Central Avenue<br>Murray Hill, NJ 07974 |
| Plaintiff attorney, bar no., address, and telephone no.<br>Scott W. Rooney, P42282<br>3200 Greenfield, Ste. 260<br>Dearborn, MI 48120-1802<br>(313) 961-0130 | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 07 2007 | DEC 07 2007 | Nancy L. Bmock |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has has been previously filed in Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Flint | Murray Hill |
| Place where action arose or business conducted<br>Genesee County | |

09/07/2007
Date

Signature of attorney/plaintiff Scott W. Rooney

If you require special accommodations to use the court because of disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

GEOFFREY L. NEITHERCUT
P-25466

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| | | |
|---|---|---|
| [MIC]HIGAN<br>JUDICIAL DISTRICT<br>7th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>Judge 07 - 87035 NP |

Court address 900 S. Saginaw St., Flint, MI 48502

Court Telephone no.

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| Sandra Waycaster<br>6193 Brye Road<br>Flint, MI 48505 | V | Davol Inc.<br>c/o: Brian Kelly<br>100 Sockanossett Crossroad<br>Cranston, RI 02920 |
| Plaintiff attorney, bar no., address, and telephone no.<br>Scott W. Rooney, P42282<br>3200 Greenfield, Ste. 260<br>Dearborn, MI 48120-1802<br>(313) 961-0130 | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 07 2007 | DEC 07 2007 | Nancy L. Bunock |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form*

**Familiy Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assisgned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assisgned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Flint | Cranston |
| Place where action arose or business conducted<br>Genesee County | |

09/07/2007
Date

Signature of attorney/plaintiff Scott W. Rooney

If you require special accommodations to use the court because of disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

GEOFFREY L. NEITHERCUT ~~P-25406~~

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| | | |
|---|---|---|
| MICHIGAN JUDICIAL DISTRICT<br>7th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>07 - 87035 -NP<br>Judge |

Court address 900 S. Saginaw St., Flint, MI 48502

Court Telephone no.

Plaintiff name(s), address(es), and telephone no(s).
Sandra Waycaster
5193 Brye Road
Flint, MI 48505

V

Defendant name(s), address(es), and telephone no(s).
Bard Medical Division
8195 Industrial Boulevard
Covington, GA 30014

Plaintiff attorney, bar no., address, and telephone no.
Scott W. Rooney, P42282
3200 Greenfield, Ste. 260
Dearborn, MI 48120-1802
(313) 961-0130

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| SEP 07 2007 | DEC 07 2007 | Nancy L. Bmock |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assisgned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has has been previously filed in Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assisgned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Flint | Covington |

Place where action arose or business conducted
Genesee County

09/07/2007
Date

Signature of attorney/plaintiff Scott W. Rooney

If you require special accommodations to use the court because of disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF GENESEE

SANDRA WAYCASTER

Plaintiff

vs.

C.R. BARD, INC. a foreign corporation, DAVOL, INC., a foreign corporation and Affiliate of C.R. BARD, INC., and BARD MEDICAL DIVISION, foreign corporations not licensed in Michigan, jointly and severally,

Defendant.

________________________/

07 - 87035

Case No. NP

Hon.

GEOFFREY L. NEITHERCUT
P-25466

Scott W. Rooney (P-42282)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Ste. 260
Dearborn, MI 48120-1802
(313) 961-0130

________________________/

A TRUE COPY
Michael J. Carr, Clerk

There is no other pending or resolved civil actions between these parties arising out of the transaction or occurrence alleged in this Complaint

Scott W. Rooney P42282

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES the above named Plaintiff, Sandra Waycaster, by and through her attorney, Scott W. Rooney, and hereby submits the following Complaint and Demand for Trial by Jury as against the Defendants and in support thereof states as follows:

1. At all times pertinent hereto, Sandra Waycaster was a resident of the County Genesee, State of Michigan.
2. On or about September 9, 2004, the Plaintiff, Sandra Waycaster underwent a surgical procedure for an incisional hernia.
3. At the time of the said surgical procedure, the Plaintiff was provided with a medical device known as a Kugel-Composix Hernia Mesh.
4. At all times pertinent hereto, C.R. Bard, Inc. (hereinafter referred to as Bard), was the parent corporation of Bard Medical Division and Davol, Inc., also a foreign corporation, and which business and/or businesses were not licensed to do business in the State of Michigan, but did conduct business in the State of Michigan on a regular and continuous basis by supplying products to medical facilities within the State of Michigan for use in operative procedures such as that received by the Plaintiff. Further, said Defendants supplied their products for use in operative events in the State of Michigan, and did design, manufactured, distribute and service the Kugel-Composix Hernia Mesh product to medical institutions including those within the State of Michigan.
5. In the surgical event of September 9, 2004, the Plaintiff did receive a Kugel-Composix Hernia Mesh product, designed, manufactured, and distributed by the Defendants, each and every one of them.
6. The hernia mesh material manufactured, distributed and serviced by the Defendants was made from surgical material that is woven together in a pattern resembling a window screen. The mesh patches over the defect identified as a

hernia providing a physician the ability to prevent the recurrence of the hernia and yet allow the body tissue to grow.

7. At all times pertinent hereto, the Defendant did jointly supply into the stream of Commerce in the State of Michigan products for use by residents of the State of Michigan, including the Plaintiff herein and her medical providers. Said product being the Kugel-Composix Mesh.

8. Upon information and belief, the Kugel-Composix Mesh was not at the time of implementation for the product into the patient and at the time that it left the Defendants control reasonably safe for its intended use.

9. At all times pertinent hereto, a technologically feasible alternative production practice was available, which would have prevented the significant harm, which the Plaintiff underwent without significantly impairing the usefulness of the product.

10. Upon information and belief, the hernia patch designed, manufactured and distributed by the Defendants was defective in that the produce had memory recoil rings that broke, thereby resulting in bowel perforation, bowel obstruction, septic shock, blood clotting and other severe medical conditions.

11. Subsequent to the operative event, the Plaintiff developed continuing abdominal complaints and bowel perforation, bowel obstruction and serious infections including intestinal fistulae. As a result, an emergency operative event was performed to remove the mesh product manufactured, distributed and sold by the Defendants herein.

12. At all times pertinent hereto, the Defendants owed certain duties and obligations to the Plaintiff to ensure that their product was reasonably safe at the time that the

product left the control of the manufacturer and at the time of use so as to ensure that the product would not result in severe and permanent injury and damage to users of the product including the Plaintiff herein.

13. The Defendants breached said duty in that the product was defective, such that it failed to be reasonably safe for it's intended purpose and did not provide proper and adequate protection for the patient-plaintiff, and implementation of the product resulted in severe and permanent injury and damage.

14. The defect of condition of the product herein was a proximate cause of the injuries and damages sustained by the Plaintiff including, but not limited to the bowel obstruction, bowel perforation and the necessity of subsequent surgical events in order to repair the condition caused by said mesh product.

15. At all times pertinent hereto, the Defendants and their agents, servants and/or employees, upon information and belief, had or may have had actual knowledge that the product was defective and that there was a substantial likelihood that the defect that caused the injury, that is the basis of this action, but that said Defendants and their employees willfully disregarded said knowledge in the manufacture and distribution of the product.

16. As a result of said grossly negligent conduct of the Defendants, Plaintiff sustained a severe and permanent injury herein as set forth above.

17. As a result of the acts and injuries sustained herein, the Plaintiff has suffered both economic and non-economic damages for which the Plaintiff seeks an award as against said Defendants jointly and severally, in an amount deemed fair, just and adequate compensation for the injuries and damages sustained.

18. Economic compensation includes, but is not limited to medical costs, transportation costs, costs for assistance, costs for nursing care, attendant care and such other services as may be necessary now in the past, present and future.

19. At all times pertinent hereto, the Plaintiff has suffered non-economic damages including pain and suffering and will continue to incur said non-economic damages throughout the course of her life, which damages are approximately caused by the acts and misconduct of the Defendants herein.

20. At all times pertinent hereto, this Court has jurisdiction as a result of the injuries and damages sustained herein are in excess of the jurisdictional limits of this Court and that the Defendant did submit its product or products into the stream of commerce and under Michigan Law, Defendants are liable for any and all injuries and damages sustained.

Date: September 10, 2007

Scott W. Rooney (P-42282)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Ste. 260
Dearborn, MI 48120-1802
(313) 961-0130

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF GENESEE

SANDRA WAYCASTER

Plaintiff

vs.

Case No. NP
Hon.

C.R. BARD, INC. a foreign corporation, DAVOL, INC., a foreign corporation and Affiliate of C.R. BARD, INC., and BARD MEDICAL DIVISION, foreign corporations not licensed in Michigan, jointly and severally,

Defendant.

______________________________/

Scott W. Rooney (P-42282)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Ste. 260
Dearborn, MI 48120-1802
(313) 961-0130

______________________________/

**DEMAND FOR TRIAL BY JURY**

NOW COMES the above named Plaintiff, Sandra Waycaster, by and through her counsel, Scott W. Rooney, and hereby demands a Trial by Jury of the issues herein.

Date: September 6, 2007

Scott W. Rooney (P-42282)
MORGAN & MEYERS, PLC
Attorneys for Plaintiff
3200 Greenfield, Ste. 260
Dearborn, MI 48120-1802

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SANDRA WAYCASTER,

Plaintiff, Civil Action No.___ ________

v.

C.R. BARD, INC., a foreign corporation,
DAVOL, INC., a foreign corporation and
Affiliate of C.R. Bard, Inc., and
BARD MEDICAL DIVISION, foreign
corporations not licensed in Michigan,
jointly and severally,

Defendants.
______________________________________/

**PROOF OF SERVICE**

Jill M. Knoper, states that she is employed with Warner, Norcross & Judd LLP, and that on September 26, 2007, she caused a copy of the Notice of Removal to be served on:

Scott W. Rooney (P42282)
Morgay & Meyers, PLC
3200 Greenfield
Suite 260
Dearborn, Michigan 48120-1802

via first-class mail, postage prepaid.

Jill M. Knoper
Jill M. Knoper

Dated: September 26, 2007

1462099-1

04)

# CIVIL COVER SHEET

**County in which this action arose** Genesee

…4 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as …ided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Sandra Waycaster

**DEFENDANTS**
C.R. Bard, Inc., Davol, Inc., Bard Medical Division

**(b)** County of Residence of First Listed Plaintiff Genesee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott W. Rooney, Morgan & Meyers, PLC
3200 Greenfield, Ste. 260, Dearborn, MI 48120
(313) 961-0130

Attorneys (If Known)
Christopher J. Predko and Matthew T. Nelson, Warner Norcross & Judd LLP
900 Fifth Third Center, 111 Lyon Street, N.W., Grand Rapids, MI 49503
(616) 752-2000

**II. BASIS OF JURISDICTION** (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ■ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 6…
- ☐ 6…
- ☐ 6…
- ☐ 6…
- ☐ 6…
- ☐ 6…
- ☐ 6…
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

Case: 2:07-cv-14093
Assigned To: Cook, Julian Abele
Referral Judge: Whalen, R. Steven
Filed: 09-27-2007 At 02:56 PM
REM WAYCASTER V BARD, ET AL (TAM)

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- …nd
- …es/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**V. ORIGIN** (Select One Box Only)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
28 U.S.C. Sec. 1332(a)

Brief description of cause:
Action alleging injury caused by alleged product defect under Michigan law.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE
September 26, 2007

SIGNATURE OF ATTORNEY OF RECORD
Christopher J. Predko by MTN

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

## ...RSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :

**Attachment to Civil Cover Sheet**

Counsel for Plaintiff:

Scott W. Rooney (P42282)
Morgan & Meyers, PLC
3200 Greenfield
Suite 260
Dearborn, Michigan 48120-1802
(313) 961-0130

Counsel for Defendants:

Christopher J. Predko (P56040)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
(616) 752-2190

1461977