**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SANDRA WAYCASTER,<br><br>Plaintiff,<br><br>vs.<br><br>C.R. BARD, INC., a foreign corporation; DAVOL INC., a foreign corporation and affiliate of C.R. BARD, INC.; and BARD MEDICAL DIVISION, foreign corporations not licensed in Michigan, jointly and severally,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:07-cv-14093<br><br>Assigned To: Julian Abele Cook<br><br>Referral Judge: R. Steven Whalen |

Scott W. Rooney (P-42282)
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120-1802
(313) 961-0130

Christopher J. Predko (P56040)
Matthew T. Nelson (P64768)
Warner Norcross & Judd LLP
Attorneys for Defendants
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503-2487
(616) 752-2190

**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANT C.R. BARD, INC., DEFENDANT DAVOL INC., AND DEFENDANT BARD MEDICAL DIVISION**

Defendant C.R. Bard, Inc. ("Bard"), Defendant Davol Inc. ("Davol"), and Defendant Bard Medical Division ("BMD"), by and through their attorneys, hereby answers Plaintiff's Complaint, paragraph by paragraph, as follows.

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. Defendants admit that Bard is a New Jersey corporation with its principal place of business in New Jersey, and that Davol is a Delaware corporation with its principal place of business in Rhode Island. Defendants admit that Davol is a wholly owned subsidiary of Bard. Defendants further admit that Davol designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use in the repair of soft tissue defects, such as incisional hernias. Defendants deny each and every remaining allegation contained in Paragraph 4.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff received a Composix® Kugel® Hernia Patch, and therefore deny the same. Answering further, Defendants admit that at various times Davol designed, manufactured, and sold the Composix® Kugel® Hernia Patch. Defendants deny each and every remaining allegation contained in Paragraph 5.

6. The allegations in Paragraph 6 are vague and ambiguous, thus precluding a proper response. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 6.

7. Defendants deny each and every allegation contained in Paragraph 7.

8. Paragraph 8 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 8.

9. Paragraph 9 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 9.

10. Defendants deny each and every allegation contained in Paragraph 10.

11. Paragraph 11 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 12.

13. Paragraph 13 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 13.

14. Paragraph 14 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 14.

15. Paragraph 15 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 15.

16. Paragraph 16 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 16.

17. Paragraph 17 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 17.

18. Paragraph 18 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 18.

19. Paragraph 19 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 19.

20. Paragraph 20 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 20.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

6. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's claims are barred, in whole or in part, for her failure to provide timely notice of her claims as required by law.

8. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

9. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

11. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

12. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

13. The learned intermediary doctrine bars Plaintiff's claims.

14. Plaintiff's claims are barred, in whole or in part, because the product at issue was designed, manufactured, marketed and labeled with proper warnings, information, cautions and

instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiff's claims are barred, in whole or in part, because the product at issue was not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

18. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

19. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

21. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

25. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

26. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product(s).

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

28. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars plaintiff's alleged claims for punitive or exemplary

damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees embodied in the Constitution of the State of Michigan.

29. Plaintiff's claims are barred or limited by the Michigan Products Liability Statute (MCL 600.2945 et seq.) including, but not limited to, defenses set forth in the following sections of the Statute:

A. MCL 600.2946(1)-(4).

B. MCL 600.2947(1)-(6).

C. MCL 600.2948(2)-(3).

30. Plaintiff's claims are barred or limited by the doctrines of estoppel, waiver or release.

31. Plaintiff's claims are barred or limited by the fact that Plaintiff's alleged injuries and/or damages, if any, were caused in whole or in part by pre-existing disease, conditions or other causes that are not related to or connected to the product alleged to have caused Plaintiff's claimed injuries.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendant C.R. Bard, Inc., Defendant Davol Inc., and Defendant Bard Medical Division demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: October 4, 2007

Respectfully submitted,

/s/ Christopher J. Predko

Christopher J. Predko (P56040)
Matthew T. Nelson (P64768)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503-2487
(616) 752-2190
cpredko@wnj.com
mnelson@wnj.com

**ATTORNEYS FOR DEFENDANT C.R. BARD, INC., DEFENDANT DAVOL INC., AND DEFENDANT BARD MEDICAL DIVISION**

1465311-1